Next case please. 312-411 Stanislav Milnarczyk versus Sofia Brasov. Good morning, may it please the court. My name is Frank Vaughn and I represent Stanislav Milnarczyk. This is a traveling employee case and I believe that the commission and the circuit court got the decision wrong. And why I say that is that they did not apply, the commission first of all found that the petitioner was not a traveling employee. They ignored all the facts in the record. And why did they make that finding? I don't know, there was no justification for it. All right, this is somebody who has to travel away from the employer's premises to perform her job because, am I correct, there really is no employer's premises? Correct, the employer works out of their house. This is somebody who has to go to different job sites every day as a part of her job responsibilities. That is also correct. She has no fixed job site. That is correct. Her duties require her to travel to various locations through the Chicagoland area, right? Absolutely. So, why is she not a traveling employee? I'm saying she is. I know. And so the commission did not, for whatever reason, decided that she was not a traveling employee. And then they further said that we did prove there was an accident that arose out of it in the course of employment. Well, did they get hung up on the fact that at the time of the injury she was not actually traveling to a job site? I believe that is exactly. Which I don't know that that's a requirement. I think under the case law, if you're a traveling employee, you're in the course of your employment from the time you leave your house until you get to your job site. But I'm trying to discern a reason why they found. Did they get hung up on the fact that she hadn't got into the van yet and hadn't actually started traveling to the job? Yes. I think that's absolutely correct. And they didn't apply the reasonable and foreseeable test that's required by this court. And because of that, they awarded, they took, the arbitrator is the only one that applied, found she was a traveling employee and applied the reasonableness and foreseeable test in this case. And the commission took that all the way. The commission went on to say, and if you read their decision, said if we find this case compensable, we don't see where any case wouldn't be compensable. It didn't give any justification for that. And that's why I'm asking for the de novo standard of review, because the commission completely ignored the law in this case. Well, I don't even know if you necessarily have to have a de novo, but that's an argument. But I think your argument is pretty clear. I don't think the facts are really seriously in dispute over what her job was, where she was going, was required to travel, and she felt going to the vehicle to get ready to go to the church. Correct? Correct, Judge. You're making my argument for me, as far as the facts go. Well, I'm just throwing out rhetorical questions. I'm not trying to make your argument. But you're hitting the points that I would argue. And furthermore, the circuit court got hung up on the fact that the petitioner herself was not driving the car, and the car was given to her husband to use. And the husband drove the petitioner and other employees to and from the job site. So he got paid for that while he was doing that. And I think that that makes no difference in the record. The transportation was provided by the employer. The vehicle wasn't directly provided to the employee, but it was provided to a co-employee to drive the petitioner to and from the job site. And I think because of that, the employer also provided the transportation and therefore also expanded the scope of the employment and the rising out of in the course of employment. So when did this fall occur while they were at their home? It occurred at approximately 4 o'clock in the afternoon. She left her house. The car was on the driveway. There was snow and ice on the ground. The petitioner and her husband both testified to that. She had to walk on the public sidewalk to get to the vehicle that was on the driveway. And as she was going around the back of the vehicle to get into it, that's when she slipped and fell. And where was she going? To a job site. She was going to a job site.  Correct. At the order of the employer. And it was the fourth job of the day that they traveled to. Because of this, I ask the court to reverse the circuit court and the commission and find that she was a traveling employee in order for it to be awarded. Thank you very much. Thank you, counsel. Counsel? You may respond. If it pleases the court, counsel. Michael Pavalos for the respondent. I think the commission and the circuit court got the decision right here. First, you look at the rule of coming and going from to and from work. And if this is a normal employee, coming and going to and from work is not compensable. That's true. If this is a normal employee, a commute to and from work is not. Correct. But again, I think we can see this whole case turns on one very simple issue. Is she or is she not a traveling employee? So if the case law defines, and I'm quoting, a traveling employee as one who is required to travel away from the employer's premises to perform his or her job, and since we agree that the claimant didn't have an employer's premises or a fixed work site, she was required to travel to various locations throughout the Chicagoland area to do the business of the employer. How is she not a traveling employee? I think the key phrase there is the premises. And you did point out there is no premises. So it would be analogous to a construction worker who doesn't have a normal premises either, where they go to and from a job site, they finish that job, they go to and from another job site. And they're not traveling employees? They're not traveling. Construction workers can be traveling employees? I have not found a single case that said they were traveling employees. Well, counsel, reading from the commission's decision, it says, quote, further petitioner fails to prove that the injuries she sustained due to the fall on her driveway were sustained in the course of her employment. Petitioner had not yet left her personal property when the injury occurred. She had not been exposed to the hazards of the street or automobile as she had yet to get in a car or leave her own driveway, close quote. Do you believe that that's inaccurate? Does that take her out of the traveling employee doctrine? You heard earlier the questions and answers in regards to traveling employee status being available from the time that the employee leaves the house and before getting into the car. Do you think that that's inaccurate? And do you think the commission's statement here takes her out of the traveling employee doctrine? I think the commission got it correct. As Justice Hudson had said earlier that the petitioner had left her house. Well, everything that I have found in the case law that is presented in the brief says that they have to subject themselves to the hazards of the street. In this case, the facts are clear that the petitioner fell in the driveway behind the vehicle. She had yet to leave her property, her home, her house, her property. I think we had similar decisions where employees are walking to the car in the parking lot to embark in the course of their duties found to be compensable, even though they hadn't actually left the premises yet. Isn't there a whole lot of cases that say that? Left the company. That you're in the process of leaving your home to go to do the employer's business. So you're saying that it turns on if she had something happen to her after the van pulled away, she'd be the traveling employee? Once she subjects herself to the hazards of the street or to the general risk of the public. What do you make of the case that says upon leaving home until they return? What is leaving home? Walking. Don't you have to walk outside of your house? Go somewhere to leave your house? Well, and I think that's where you turn to the other cases where it talks about the street hazards. When you leave your home, to me that means when you leave your property, when you leave your house, when you leave your driveway, when you leave your property as a whole and get out into the general public, into the street. The cases that I presented, the traveling salesman who's getting on a street car, one had already left his premises. He was returning to his job site to pick up a briefcase. He was on the street. He was in the general public. The cases that I presented and the cases that I've seen. Cases that say you have to be on the street. So if somebody walks down to the edge of the driveway and falls and breaks their leg, even though everyone agrees they're about to drive to the business site or the site that they're assigned to, then they don't, there's no compensation until they're moving. I think it's once you subject yourself to the general public, the risks greater, the risks of the general public. So you have to leave your property, essentially a portal-to-portal kind of position where you're leaving your home, your property. But she was leaving her home. Did she testify the accident occurred adjacent to the driveway on a public sidewalk, or you came from the house to the driveway? Her husband confirmed that it was, she was two to three steps behind the vehicle when he picked her up off the ground. So that occurred in the driveway where the car was, which would be on her property. That's not my question. Did she testify the accident occurred adjacent to the driveway on a public sidewalk, leading from the house to the driveway? I don't have her specific testimony in front of me, but I do know she said that she did leave the house. Well, if she said that, would that make a difference? I don't think so. I think she's still on her property. Whether we're talking about the little sidewalk in front of her house leading to her driveway, I don't think that's the difference, because she still falls on her property, whether it be her front door, her front step, her driveway. So, but now you're saying, think about what you're saying. She can't be a traveling employee if she falls on her premises. You're saying she's on her property, therefore she can't be a traveling employee. She's not a traveling employee yet. Even if you're a traveling employee, you still have to prove that you're in the course of your employment. I think that's the concept here. Well, she was going to a job site. That's not disputed, is it? She had yet to leave for the job site. But she was, that was her intention, is that to be disputed? That was her intention, yes. Okay. When was she left for the job site? What was she doing when she left her front door? She hadn't left her property yet, though. So I think that's the key factor, is she has yet to leave her home, the safety of her personal property. Under your analysis, if the van had been parked in the street in front of her house, and she fell on the street as she got in the van, she'd recover. I think that's a possibility. That's not a case here. Doesn't that seem like kind of a silly distinction? We deal with minor distinctions all the time in the legal world. And I think that is a distinction here, is that if she has to go into the street, which she doesn't control, then she has exposed herself to the street hazards as she has left her home. But since she's in her driveway, she had yet to expose herself to that hazard. If I'm not mistaken, last term, the theory was they're not a traveling employee until someone actually starts the car. And in this case, she hadn't started a car because she wasn't able to. We rejected that last term argument. I wouldn't push that one too hard today. So I think the commission said it best, though, as counsel had already pointed out, that if they were to find an accident in this case, then any movement by the petitioner at any time during the day or night would lead to a compensable claim, and I think their point there was that she hadn't left her property yet. I think that's what they were really trying to get at. I don't understand when they said in movement, day or night. Do you mean they're suggesting that if she was a traveling employee, if we label her a traveling employee and she fell out of bed, she'd recover for that? And that begs the question here. We were talking about minor distinctions. Where do you stop when the petitioner is a traveling employee or not? Is it when she locks her door? Is it when she gets onto the public sidewalk? Is it when she leaves her driveway? When she begins the process of her employment, yeah. So is it when she's putting on her makeup to leave that morning? No, it begins when she's leaving to go to the job site. Okay. And I would suggest that she hadn't left to go to the job site yet because she hadn't left her property. Okay, so you want a bright line at a different point than my colleagues may want a bright line. I'm going with a bright line that has already been established as exposing to a street hazard in the cases that have already been presented. She can't get to the car without getting on her premises. So as Justice Stewart points out, if she fell a couple of feet later, she'd be covered. But because she had the misfortune of falling on the end of the driveway, she can't be a traveling employee. If that's what you're saying. If she had fallen in the street, as Justice Stewart had suggested, then yeah, I think there is a possibility that that is related because she exposed herself to the street hazard of being out on the public roadway. She hadn't left her personal property yet. She hadn't gone to the public. Even though she was going to a job site. So it really depends on whether you fall on your driveway or in the street. I believe so. I think you have to believe your property. Your case law does that? Well, the case law does suggest that, the case law states that you have to subject yourself to the street hazards. Well, how do you get to the street if you're not walking down your driveway? How can you pass your personal property? Okay. Your driveway is your home, your house, your property. Okay. So in this case, I believe that the commission and the circuit court got the case right, and we'd ask you to affirm the decision. Thank you, counsel. Thank you. Counsel may reply. Just briefly, it is our position that once she closed that front door of her house and started walking, she was outside and she was exposed to the elements. She was exposed to the hazards. Even though it's weather, it's a neutral hazard, and she was exposed to that. So your theory is that her right to recover under the act begins the instant she walks out of the front door? Correct. It doesn't begin before she walks out of the front door. It was about when she was putting on her makeup in preparation to walk. Go back to the makeup example. I think that is very, very personal, and it is not part of her employment. That's a personal issue. Unless you can show it's in service of her employer's business. Correct. But I think that once, it was reasonable and foreseeable for her to walk outside her house in the snow to get into the car supplied by the employer. Therefore, that test is met, and she's a traveling employee. And I ask you, based on that, to reverse the circuit court and the commission. Okay, thank you, counsel. Thank you, your honors. Thank you, counsel.